IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE T., | ) | |
| | ) | No. 21 C 1669 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Rose T. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On May 1, 2016, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 13-23, 74, 89.) The Appeals Council denied review (R. 1-3), and plaintiff appealed to this Court, which reversed and remanded for further proceedings. (R. 1142-44, 1170-80.) On remand, the ALJ again denied plaintiff's application. (R. 1086-98.) Plaintiff did not seek Appeals Council review, and the Appeals Council did not otherwise assume jurisdiction, leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 9, 2013. (R. 1090.) At step two, the ALJ found that from March 9, 2013 to June 2, 2015, plaintiff had the severe impairments of diverticulitis, status/post colectomy, ileostomy and reversal, recurrent hernias, chronic kidney disease stage 3, degenerative disc disease of the lumbar spine, osteoarthritis of the knees, and obesity. (*Id.*) At step three, the ALJ found that, from March 9, 2013 to June 2, 2015, plaintiff's impairments did not meet or medically equal a listed impairment. (R. 1091.) At step four, the ALJ found that, from March 9, 2013 to June 2, 2015,

plaintiff could not perform any past relevant work but had the RFC to perform sedentary work, with certain exceptions. (R. 1091-93.) At step five, the ALJ found that, from March 9, 2013 to June 2, 2015, no jobs existed in significant numbers in the national economy that plaintiff could perform, and thus she was disabled. (R. 1093.)

Having found plaintiff to be disabled starting March 9, 2013, the ALJ proceeded to determine whether plaintiff's disability continued through December 29, 2020, the date of the ALJ's decision. *See* 20 C.F.R. § 404.1594 (setting forth a multi-part test for determining whether a disability continues or ends). First, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 9, 2013. (R. 1090.) Next, the ALJ found that plaintiff continued to have the severe impairments set forth above, but after June 22, 2015, they did not meet or equal a listed impairment because plaintiff had experienced medical improvement that increased her RFC. (R. 1093-94.) Further, the ALJ found that since June 23, 2015, plaintiff has had the RFC to perform sedentary work with certain exceptions, including her past relevant work as a human resources clerk and a checker II, and thus she was no longer disabled as of that date. (R. 1094-98.)

Plaintiff argues that the ALJ erred by failing to give the opinions of Dr. Harrison, one of plaintiff's treating physicians, controlling or more substantial weight. The governing regulations require the ALJ to give controlling weight to a treating source's medical opinion if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] . . . record." 20 C.F.R. § 404.1527(c)(2). "[A]n ALJ may reject a treating physician's opinion . . . if substantial evidence in the record contradicts the physician's findings." *Luster v. Astrue*, 358 F. App'x 738, 740 (7th Cir. 2010). An

3

ALJ must give "good reason[s]" for discounting a treater's opinion, and the Court must uphold "all but the most patently erroneous reasons" for doing so. *Id.*

On May 23, 2016, Dr. Harrison opined, inter alia, that plaintiff could frequently lift six to ten pounds and occasionally lift eleven to twenty pounds, stand/walk for less than two hours of an eight-hour workday, occasionally push/pull with her hands or feet, and occasionally reach overhead. (R. 725-26.)

The ALJ gave Dr. Harrison's opinion "partial weight" because it:

> [W]as considered in the context that it was rendered less than two months after [plaintiff's] ileostomy closure and hernia repair surgery in April 2016. . . . [,] the records show [plaintiff] needed only weeks to recover from this surgery and subsequent records do not contain limitations such as occasional overhead reaching. Additionally, after the medical source statement was completed by Dr. Harrison, [plaintiff] did not treat with Dr. Harrison again and she was shortly thereafter discharged from the colorectal unit. Further, less than a month later, [plaintiff's husband][1] completed a function report stating that [plaintiff] was able to do laundry, shop for a couple of hours, and lift 10 pounds. . . . [Moreover,] [t]he July 2016 internal medicine consultative examination report does not support the reaching, manipulative or balance limitations.

(R. 1096-97) (citing R. 230-38 (6/5/16 function report completed by plaintiff's husband stating that plaintiff could not lift heavy pots and had limited ability to reach but could go shopping and do light house cleaning and laundry); R. 683 (Dr. Harrison's 5/23/16 notes stating that plaintiff "[was] doing well," "ha[d] no new complaints," and was "discharged from the colorectal clinic"); R. 734-43 (report of internal medicine consultative examiner, which states that plaintiff has normal range of motion in all joints, 5/5 grip, and normal fine dexterity).)

As plaintiff points out, however, Dr. Harrison did not say that her opinion of plaintiff's abilities was limited to the period of plaintiff's convalescence from the ileostomy and hernia repair surgery; she said it was based on plaintiff's large ventral hernia, moderate osteoarthritis, and

---

[1] The cites to exhibit 3E, which is a function report that was completed by plaintiff's husband, not plaintiff.

4

chronic renal failure. (R. 726.) Moreover, the internal medicine consultative examiner noted that plaintiff had an umbilical hernia but did not say the extent, if any, to which it impaired plaintiff's ability to reach overhead. (*See generally*, R. 734-43.) Further, none of the household tasks plaintiff's husband said she can do requires overhead reaching. (*See* R. 230-38.) Because the reasons the ALJ gave for rejecting Dr. Harrison's opinion are not supported by substantial evidence, this case must be remanded.[2]

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [18], grants plaintiff's motion for summary judgment [15], and remands this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**SO ORDERED.**                                      **ENTERED:  August 30, 2022**

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Even if Dr. Harrison's opinions were not entitled to controlling weight, the ALJ was required to determine how much weight they were due by "consider[ing] the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion." *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010). On remand, the ALJ must perform this analysis.